## THE PEOPLE *v.* CÓRDOVA.

### APPEAL from the District Court of San Juan.

No. 39.—Decided November 6, 1905.

CRIMINAL LAW—INFORMATION—REQUISITES.—The requisites prosecuted in section 82 of the Code of Criminal Procedure are necessary to the validity and sufficiency of an information, but an information will be held insufficient only where it contains some defect or imperfection tending to prejudice the substantial rights of the accused with respect to the merits of the case.

ID.—SEDUCTION.—The phrases ''a young woman'' and ''an unmarried woman'' are synonomous for the validity and sufficiency of an information under section 261 of the Penal Code.

ID.—EXCEPTIONS TO AN INFORMATION—APPEAL.—Exceptions to an information must be taken before the trial court.

EVIDENCE—STATEMENT OF FACTS—BILL OF EXCEPTIONS.—Where no bill of exceptions or statement of facts appears in the transcript of the record, it is impossible to consider the evidence taken at the trial, and it will be presumed that the evidence is sufficient to justify the verdict and the judgment.

SEDUCTION—CORROBORATION OF THE TESTIMONY OF PROSECUTRIX.—In cases of seduction under promise of marriage prosecuted in accordance with section 261 of the Penal Code, the accused may be convicted on the sole testimony of the prosecutrix.

ID.—SUBSEQUENT ACTS OF PROSECUTRIX—INSTRUCTION.—No error is committed by the trial court in instructing the jury that no subsequent act of the prosecutrix can be taken into consideration in the decision of the case, and that her subsequent conduct is of no importance whatever, such testimony being immaterial.

INSTRUCTIONS.—The instructions of the court to the jury must be presumed to be correct where the necessary facts to show the contrary are not contained in the transcript of the record.

The facts are stated in the opinion.

*Mr. Pesquera* for appellant.

*Mr. Rossy, fiscal,* for respondent.

Mr. JUSTICE MacLEARY delivered the opinion of the court.

There is no bill of exceptions nor statement of facts to be found in the record. The examination and consideration of this case may be limited accordingly.

The information alleges that the accused seduced *la joven,* the young woman, naming her. The law defines a person

whose seduction is forbidden as *una mujer soltera,* an unmarried woman. (Penal Code, sec. 261.) The counsel for defendant in his discussion of the case on the hearing had in this court urges this as a reason for the reversal of the judgment.

This matter was not called to the attention of the trial court by an exception to the information, but is noticed for the first time on the oral argument here. The information complies with all of the requirements set out in section 82, Code of Criminal Procedure, which are all that are ordinarily necessary to its validity, and according to section 83 it cannot be held insufficient unless the "defect or imperfection tends to the prejudice of the rights of the defendant on the merits." The words *una joven* and *una mujer soltera* are for the purpose of this case synonomous. The injured woman is a young woman and unmarried. If she had been married the accused could have proved that fact and it would have been a perfect defense. The inaccuracy of the accusation cut him off from no substantial right. It is doubtful if an exception, made on the ground indicated, even if presented at the proper time, would have been sustained; but certainly such an objection comes too late after a conviction in the trial court and an appeal to this court.

It is further claimed that the evidence adduced by the prosecution on the trial is insufficient to justify a conviction. There being neither bill of exceptions nor statement of facts contained in the record it is impossible for this court to know, or to be informed in any proper way, what the evidence was on which the verdict of the jury and the judgment of conviction was based. Such being the case, the presumption must be indulged that the trial court had sufficient legal evidence before it to justify the verdict of guilty rendered by the jury and the judgment of conviction pronounced by the court. But if we look further into the record we will find that the objection made by the counsel to insufficiency of the evidence is based on the idea that the testimony of the injured woman

taken alone, without corroboration, is not sufficient to justify a conviction, and in support of that proposition reference is made to section 250 of the Porto Rico Code of Criminal Procedure, which requires in certain cases the testimony of the prosecuting witness to be corroborated. This section of the Code of Criminal Procedure above referred to is identical with section 1108 of the California Penal Code, and neither of them refers to the crime of seduction as defined in section 261 of the Penal Code of Porto Rico and section 268 of the Penal Code of California which are identical.

The unsupported evidence of the injured woman in a prosecution for seduction is sufficient to convict the defendant if the jury believes it to be true. This has been held in the case of the *People* v. *Wade,* 118 California, 672. Precisely this same question was presented to this court in the case of the *People of Porto Rico* v. *Angel Santos y Santos,* decided by us on the 28th of April last. (P. R. Rep., vol. 8, p. 348.) It was fully discussed and the authorities were fully and properly cited. If this last-named case had been consulted by counsel that decision would certainly have set at rest the question here presented.

The counsel for the defense also claims in his brief and argument that the trial court erred in the charge given to the jury. The particular words complained of are as follows:

"It is the duty of the court to advise you that absolutely no posterior act can be taken into account in the decision of this case. The later conduct of the injured female is of no importance."

Doubtless the trial court in giving this instruction to the jury had reference to the previous chaste character of the injured woman, and it has been held in California that the previous chaste character of the prosecuting witness is properly limited to the time prior to her seduction. For the purpose of prosection for seduction the character of the woman subsequent to the date of her misfortune is not material to

the case. This is plainly decided by the Supreme Court of California in the case of the *People* v. *Wade,* above referred to, and also in the case of *People* v. *Kehoe,* 123 California, 224.

The instruction might have been clearer on this point, but there is no room for doubt that when taken in connection with the evidence before the court and the jury, it was sufficiently clear for all practical purposes, and did not mislead the jury in any particular.

But as this instruction refers to the evidence adduced on the trial, and there is nothing to show this court what the evidence was, we could not say that it was erroneous even if it seemed on its face so to be. From all that appears in the record it certainly was perfectly proper and correct. Every presumption is in favor of the correctness of the court's instructions in a case like this, and it devolves on the accused alleging its incorrectness to make the same plain to this appellate court.

There being nothing in the record to justify a reversal of the judgment herein, it should be affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Hernández, Figueras and Wolf concurred.